Harry W. Seibert, Jr., Esq. Village Attorney, Ballston Spa
You state that the Village of Ballston Spa lies partly within the Town of Milton and partly within the Town of Ballston, in Saratoga County. You inquire whether the mayor of the Village of Ballston Spa simultaneously may hold the office of Saratoga County Supervisor from the Town of Milton.
In a telephone conversation you state that a Saratoga County local law has been passed creating the new office of "Saratoga County supervisor from" any town in the county having in excess of a stated population and that according to the 1980 Federal Census the population in the Town of Milton exceeds that population figure. You further state that the Saratoga County supervisor from the Town of Milton will not hold any elective town office, sit as a member of the town board or perform any town function.
We note that County Law § 411 would prohibit any elective county officer from holding, at the same time, any other elective county or town office but the prohibition does not extend to elective village office or, except for supervisor, to elective city office.
Village Law § 3-300 subd 4 contains the provision:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
In the absence of a statutory prohibition against dual office-holding, the issue is whether there is a common law incompatibility between the two offices. Public offices are incompatible when their functions are inconsistent and their performance by one and the same person results in antagonism and a conflict of duty so that conceivably the incumbent of one cannot faithfully discharge with propriety the duties of both (Peo.ex rel. Ryan v Green, 58 N.Y. 295 [1874]).
Here, we have specific authority for dual office-holding by a village officer unless otherwise provided by law or unless a common law incompatibility exists. We find no statutory prohibition and discern no incompatibility in the functions of the two offices.
In our opinion, the same person simultaneously may hold the elective village office of mayor and the elective county office created by county local law of County Supervisor from the town in which all or a part of the village is situated so long as the county supervisor from the town does not hold any elective town office, sit as a member of the town board or perform any town function.